Weygandt, C. J.
There are two phases of this controversy.
The first involves the payment of the employer’s contribution to the retirement fund. The second relates to the payment of the employee’s contribution.
However, there is no dispute as to the obligation to pay the employer’s contribution. But the respondents insist that the payment need not be made unless and until the employee makes his contribution. One difficulty with this view is that there is nothing in the statute to indicate anything optional or conditional about the payment of the employer’s contribution. This is disclosed by the following plain mandatory language of Section 486-33/, General Code (Section 145.48, Revised Code):
“Each county, municipality, park district, conservancy district, health district and public library shall pay to the employers’ accumulation fund the same rates per centum of the compensation of each employee member employed by it for normal contribution and for the deficiency contribution as the state will be required to pay for its employees in pursuance of the provisions of Sections 486-68o to 486-68e, both inclusive.” (Italics supplied.)
It is conceded that the deputy sheriff was required to be a member of the Public Employees’ Retirement System and was, of course, required to contribute thereto. Under the circumstances the employer’s payment of its statutory contribution was mandatory and unconditional.
Was it likewise mandatory for the employer county to deduct the deputy sheriff’s contribution from his salary and pay it into the retirement system?
Again the unambiguous mandatory language of Section 486-68, General Code (Section 145.47, Revised Code), provides that the deduction “shall” be made from every payroll and *502 “shall” be transmitted promptly to the secretary of the retirement board. As in the case of the payment of the employer’s contribution, the deduction and remittance from the salary of the employee is unconditional. In other words, the performance of the one duty is not dependent on the performance of the other, and the failure to perform one of them is no excuse for failure to perform the other. In making the performance of each duty mandatory, it was the evident purpose of the General Assembly to avoid hopeless confusion and to maintain the security of the retirement system.
The respondents contend further that the county commissioners are not authorized or obligated to appropriate or deduct funds to meet the payments of the employee’s required contribution, and that the county auditor is not obligated or authorized to issue a warrant therefor since there has been no action by the county commissioners.
Section 486-33e, General Code, then provided that “the head of the department shall deduct the same from his compensation in the same manner as is required of heads of state departments * * It is urged that the county commissioners do not constitute the “head of the department” for the county and consequently are not obligated to cause the deductions to be made for the employee’s contribution. The term “head of the department” was defined in Section 486-33c, General Code, as “the elective or appointive head, as the case may be, of the several administrative, legislative and judicial departments, institutions, boards and commissions of the county or municipal government, as the same are created and defined by the General Code * * *.” And in 14 Ohio Jurisprudence (2d), 240, Section 55, appears the following statement concerning the responsibilities of Boards of County Commissioners:
“The board is the representative or agent of the county or, as it is sometimes expressed, its guardian, in the sense that it acts for the county in financial matters, the making and enforcement of contracts, and the transaction of business generally. In other words, county commissioners are the principal *503 executive officers of the county, having management and control of its property and financial interests, its police regulations, and its corporate business, and vested with exclusive and original jurisdiction over all matters pertaining to county affairs, except in respect to matters of which cognizance is exclusively given to some other officer or person.”
Perhaps the term “head of the department” is not the most suitable phrase for the designation of county commissioners, but the meaning is unmistakable. The respondents as well as the relators place some reliance on the fact that subsequently the statute was amended by substituting the words “fiscal officer of each local authority” for the former language “head of the department.” It is agreed that the fiscal officer of a county is its auditor. The respondents contend that this amendment discloses a legislative intent to place the responsibility on the county auditor under both the former and the present statutes. The relators draw the opposite inference that the purpose of the amendment was to effect a change in the provisions of the statute. To this court the latter seems to be the more logical conclusion. Hence, inasmuch as the former statute was in effect at the beginning of the deputy sheriff’s employment and during most of the period here involved, it was the obligation of the Board of County Commissioners as the “head of the department” to cause the deductions to be made for the employee’s contribution.
Since the duties of the respondents were specially enjoined by the law then in effect, the writ of mandamus is allowed in conformity with the agreed facts.

Writ allowed.

Zimmerman, Matthias and Peck, JJ., concur.